# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN ALCALA, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL J. ASTRUE, <br> Commissioner of Social Security, <br><br> Defendant. | Case No. EDCV 08-1417-JEM <br><br> MEMORANDUM OPINION AND ORDER REVERSING DECISION OF COMMISSIONER AND REMANDING FOR FURTHER PROCEEDINGS |

**PROCEEDINGS**

On October 21, 2008, Susan Alcala ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Disability Insurance Benefits ("SSDI") and Supplemental Security Income ("SSI") benefits. The Commissioner filed an Answer on February 27, 2009. On September 4, 2009, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision should be reversed and

remanded for further proceedings in accordance with law and with this Memorandum Opinion and Order.

## BACKGROUND

Plaintiff Susan Alcala is a 37 year old woman who has the medically determinable severe impairments of asthma and affective disorder NOS with bipolar features. (AR 10.) She alleges an onset date of January 13, 2005. (AR 8.) She has not engaged in substantial gainful activity since that date. (AR 10.)

On January 20, 2006, Plaintiff filed an application for SSDI and SSI benefits. (JS 2.) Plaintiff's claims were denied initially on October 13, 2006, and on reconsideration on October 13, 2006. (AR 95.) She filed a timely request for hearing on November 17, 2006. (AR 95.) She appeared and testified at a hearing held before Administrative Law Judge ("ALJ") Helen E. Hesse on November 27, 2007, in Orange, California. (AR 95-105.)

An unfavorable decision issued on January 25, 2008. (AR 95-105.) On February 21, 2008, the Appeals Council remanded the case to the ALJ. (AR 106-109.) The Claimant appeared and testified at a second hearing on May 12, 2008, in Orange, California, before ALJ Hesse. (AR 8.)

The ALJ issued an unfavorable decision on July 21, 2008. (AR 8-18.) The ALJ determined that Plaintiff has severe physical or mental impairments but that those impairments do not meet or equal a listed impairment and she can perform light work, including her past relevant work, and thus has not been disabled within the meaning of the Social Security Act since the application date. (AR 10, 11, 16, 17.)

Plaintiff requested review of the decision on August 6, 2008. (JS 2.) The Appeals Council denied review of the decision on August 21, 2008. (AR 1-3.)

## DISPUTED ISSUES

As reflected in the Joint Stipulation, the disputed issues that Plaintiff is raising as grounds for reversal and remand are as follows:

1. Whether the ALJ properly considered the lay witness statements?

      2. Whether the ALJ made proper credibility findings?

      3. Whether the ALJ properly considered the treating sources' opinions regarding Plaintiff's functional status?

      4. Whether the ALJ considered the treating clinician's opinion regarding Plaintiff's functional status?

      5. Whether the ALJ properly considered the Mental Residual Functional Capacity?

      6. Whether the ALJ properly considered the Work Capacity Evaluation (Mental).

      7. Whether the ALJ posed a complete hypothetical question to the vocational expert?

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "'more than a mere scintilla' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotations and citations omitted). This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r, 169 F.3d 595, 599 (9th Cir. 1999). The ALJ has the responsibility "to determine credibility, resolve conflicts in medical testimony and resolve ambiguities," but the ALJ's findings must be supported by "specific, cogent reasons." Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998). A reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of

supporting evidence. Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## DISCUSSION

The Court reverses the ALJ's decision and remands for further proceedings. The ALJ failed to develop the record fully in regard to Plaintiff's sleep and fatigue that are or may be caused by multiple medications for her asthma and her mental disorder. The ALJ also erred in failing to consider the combination of Plaintiff's severe mental and physical impairments or the medications for those impairments.

### A.     The Sequential Evaluation

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 § C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantially gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantially gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in Appendix I of the regulations. Id. If the impediment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). If the claimant cannot perform his or her past relevant work, the ALJ proceeds to the fifth step and

must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).

The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006).

In this case, the ALJ determined at step two that Plaintiff had the medical impairments of asthma and affective disorder, NOS, with bipolar features. (AR 10.) The ALJ, however, concluded at step three that these impairments do not meet or equal a Subpart P listed impairment. (AR 10.) The ALJ also determined that Plaintiff has the residual functional capacity to do light work (AR 11) and is capable of performing past relevant work as a customer service representative. (AR 16.) Thus, the ALJ concluded that Plaintiff has not been under a disability as defined by the Social Security Act from January 13, 2005, through the date of the decision. (AR 17.)

**B.   The ALJ Decision Must Be Reversed**

The ALJ decision fails to address or develop the record sufficiently regarding Plaintiff's sleep and fatigue, and the effect of Plaintiff's multiple medications on her functioning and ability to work.

In Social Security cases, the ALJ has a special, independent duty to develop the record fully and fairly and to assure that the claimant's interests are considered. Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001); Smolen, 80 F.3d 1273, 1288 (9th Cir. 1996). Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983). The ALJ has a basic duty to inform himself about facts relevant to his decision. Heckler v. Campbell, 461 U.S. 458, 471 n.1 (1983) (Brennan, J., concurring). The ALJ's duty to develop the record exists even when the claimant is represented by counsel. Tonapetyan, 242 F.3d at 1150.

1    Ambiguous evidence or the ALJ's own finding that the record is inadequate to allow
2    for proper evaluation of the evidence triggers the ALJ's duty to conduct an appropriate
3    inquiry.  Smolen, 80 F.3d at 1288; Tonapetyan, 242 F.3d at 1150.  The ALJ may discharge
4    this duty by subpoenaing the claimant's physicians, submitting questions to them, continuing
5    the hearing or keeping the record open after the hearing to allow supplementation of the
6    record.  Smolen, 80 F.3d at 1288; Tonapetyan, 242 F.3d at 1150.

**C.   Evidence Establishing That Plaintiff's Impairments Could Cause Her Symptoms**

No one disputes that Plaintiff has an asthma condition and periodically suffers attacks that result in sickness and even hospitalization.  (AR 16, 33, 47, 49, 51, 66, 309.)  The ALJ decision acknowledges this impairment and some limitations in functioning.  (AR 16.)  So did examining physician Dr. Nafoosi.  (AR 77-79.)

Plaintiff, however, also repeatedly and consistently complained of difficulties sleeping and the fatigue that results therefrom.  (AR 29, 39, 49, 79, 80, 261, 297, 342, 396, 418-19, 464, 466 ("sometimes does not sleep at all"), 501, 531.)  Plaintiff testified that lack of sleep and fatigue has resulted in poor attendance that has interfered with work and school activities.  (AR 32-33, 65-66, 70, 393, 412, 475-76.)  She was fired from her job at Verizon as a customer service advocate and dropped from cosmetology school for poor attendance. (AR 32, 527, 475-76.)  None of these facts are in dispute.

Plaintiff attributed her lack of sleep and fatigue to her medications.  (AR 49, 80.)  She has been taking Abuterol, Singulaire, Naseril, Advair, Pulmacort, and Prednisone for asthma.  (AR 245, 259, 268, 312, 317, 319, 324, 600.)   She also has been taking Depakote, Geodon, Efflexor, Trazodone, Seroquel, Cymbaltra, Prozac, and Norinyil for her bipolar disorder.  (AR 317, 391, 324, 600, 674.)  When asked about medication side effects, Plaintiff replied as follows:

> There's all kinds of side effects.  The bronchial dilators make me shake, again cause me to lose sleep.  The treatments, if I'm having a

```
                bad episode, I have to take inhalation treatments every four hours.
                Again, shakes, jittering, unable to concentrate, just all over the place.
                        Q: What about fatigue?
                        A: Constantly because I'm always in a poor state of sleep.
```
(AR 80.)

The ALJ decision never considers the impact of sleep and fatigue on Plaintiff's ability to work, or even mentions these conditions. More important, the ALJ decision does not consider whether Plaintiff's multiple medications for her asthma and bipolar disorder were the cause of Plaintiff's lack of sleep and fatigue. When Plaintiff related her belief at the May 12, 2008, hearing that the medications caused her lack of sleep, the ALJ should have acted to develop the record further on how Plaintiff's lack of sleep and fatigue, and her multiple medications, affected her functioning.

A third party source also noted Plaintiff's sleep and fatigue difficulties. Her friend John Aylward stated that Plaintiff's condition keeps her up most of the night and during the day she is always tired. (AR 305.) The ALJ failed to consider this testimony. To reject lay witness testimony, the ALJ must make findings "germane to each witness, and supported by substantial evidence of record." Smolen, 80 F.3d at 1288-89. The reasons germane to each witness must be specific. Bruce v. Astrue, 557 F.3d 1113, 1115 (9th Cir. 2009). The ALJ decision mentions Aylward's other statements about Plaintiff's daily activities (AR 16) but never mentions or addresses Aylward's statement about Plaintiff's sleep problem. In the Joint Stipulation, the Commissioner offers the additional argument that Aylward's testimony is consistent with the RFC (JS 5, 6) but that is neither true (the lack of sleep and medication side effects are inconsistent with it and never considered) nor relevant as the ALJ decision never offers that rationale. Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) (district court constrained to review only reasons asserted by ALJ). The ALJ decision failed to address Aylward's testimony about Plaintiff's sleep problem or make any specific findings germane to that testimony.

Two treating medical sources, Dr. Gill and Dr. Sekhorn, did consider Plaintiff's sleep problems in concluding that Plaintiff is likely to miss two or more days of work a month. (AR 607, 609, 613, 658, 660, 454, 456, 517.) Dr. Gill in his Work Capacity Evaluation opined, among other things, that Plaintiff was markedly limited in her ability to "perform activities within a schedule, maintain regular attendance and be punctual within customary tolerances." (AR 15.) The record is unclear and the treatment notes too illegible to know if this evaluation considered multiple medications as the cause of these limitations.

The ALJ rejected the opinions of these treating physicians as "unsupported by any objective medical findings." (AR 15.) This generalized finding is insufficient to reject the functional assessments of Dr. Gill and Dr. Sekhorn, particularly as to their consideration of the impact of Plaintiff's lack of sleep on her functioning. Embrey v. Bowen, 849 F.2d 418, 421 (9th Cir. 1988) (generalized statements lack the level of specificity required by the Ninth Circuit). The ALJ decision, as already noted, never mentions Plaintiff's sleep/fatigue problem. An ALJ may reject the opinion of a treating physician that is contradicted but must make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record. Bray v. Comm'r, 554 F.3d 1219, 1228 (9th Cir. 2009); Thomas, 278 F.3d at 956-57. Here, the ALJ did not provide specific, legitimate reasons for rejecting these physicians' assessments incorporating consideration of Plaintiff's sleep/fatigue problem. The ALJ failed to address Plaintiff's sleep/fatigue problem at all and relied on other medical evidence that also never considered Plaintiff's sleep/fatigue problem as noted below.

Two vocational experts testified that, if Plaintiff were to miss two days of work a month, there would be no jobs in the economy for her. (AR 45, 82.) These assessments would establish disability.

**B.     Plaintiff's Credibility**

Much, then, turns on Plaintiff's credibility regarding the severity of her sleep and fatigue problems. The test for deciding whether to accept a claimant's subjective symptom

testimony turns on whether the claimant produces medical evidence of an impairment that reasonably could be expected to produce the pain or other symptoms alleged. <u>Bunnell v. Sullivan</u>, 947 F.3d 341, 346 (9th Cir. 1991); <u>Reddick v. Chater</u>, 157 F.3d at 722; <u>Smolen v. Chater</u>, 80 F.3d at 1281-82 esp. n. 2; <u>Cotton v. Bowen</u>, 799 F.2d 1403, 1407 (9th Cir. 1986). The Commissioner may not discredit a claimant's testimony on the severity of symptoms merely because they are unsupported by objective medical evidence. <u>Reddick</u>, 157 F.3d at 722; <u>Bunnell</u>, 947 F.2d at 343, 345. If the ALJ finds the claimant's pain testimony not credible, the ALJ must specifically make findings that support this conclusion. <u>Bunnell</u>, 947 F.2d at 345. The ALJ must set forth "findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." <u>Thomas v. Barnhart</u>, 278 F.3d 949, 958 (9th Cir. 2002); <u>Rollins v. Massanari</u>, 261 F.3d 853, 856-57 (9th Cir. 2001); <u>Bunnell</u>, 947 F.2d at 345. Unless there is evidence of malingering, the ALJ can reject the claimant's testimony about the severity of a claimant's symptoms only by offering "specific, clear and convincing reasons for doing so." <u>Reddick</u>, 157 F.3d 722; <u>Smolen</u>, 80 F.3d at 1283-84. The ALJ must identify what testimony is not credible and what evidence discredits the testimony. <u>Reddick</u>, 157 F.3d at 722; <u>Smolen</u>, 80 F.3d at 1284.

     In this case, there is no reason or basis for discounting Plaintiff's testimony regarding her lack of sleep and fatigue, and it is indisputable that attendance problems have interfered with work and school. The ALJ determined that Plaintiff was not "fully credible" (AR 16), but this conclusion is not supported by substantial evidence or any evidence at all in regard to the impact of lack of sleep and fatigue on Plaintiff's functioning and ability to work, and whether the sleep and fatigue are the result of her multiple medications. The ALJ concedes that there must be "specific clear and convincing reasons" to reject Plaintiff's subjective testimony (JS 9-10); <u>see</u> <u>also</u> <u>Thomas v. Barnhart</u>, 278 F.3d at 959-60; <u>Bunnell v. Sullivan</u>, 947 F.2d at 345-46. The ALJ also concedes that one of the factors in assessing a claimant's subjective symptoms is the adverse side effects of medications. (JS 10; <u>Bunnell</u>, 947 F.2d at 346-47; 20 C.F.R. § 416.929 (2009); SSR 96-7p. The ALJ erred in not

addressing at all the impact of lack of sleep and fatigue on Plaintiff's functioning and whether the lack of sleep and fatigue are side effects of the multiple medications that Plaintiff is taking for her asthma and bipolar disorder.

The four reasons given by the ALJ for discounting Plaintiff's testimony are unrelated to her sleep/fatigue problem and possible adverse medication side effects. First, the ALJ asserts that Plaintiff's testimony is unsupported by "objective medical evidence." (JS 10.) This rationale, of course, is not dispositive. Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345. The medical evidence relied on by the ALJ, moreover, never addresses the impact of Plaintiff's sleep/fatigue problem on her ability to work or whether her multiple medications are the cause of the problem. Virtually none of the medical sources cited by the ALJ even mentions sleep. These sources say that Plaintiff's asthma and bipolar disorder do not result in severe functional limitations but never consider the lack of sleep and fatigue or their cause. The only physician who mentions the sleep problem does not develop the issue. Dr. Malancharuvil at the May 12, 2008, hearing observed, "It's her life pattern that's problematic. She seems to be keeping awake and she sleeps during the day and all that." (AR 39.) Thus, Dr. Malancharuvil acknowledged the problem but did not assess how it affected Plaintiff's functioning or consider whether her multiple medications were its cause. The ALJ, on hearing this testimony, should have acted to develop the record more fully.

The ALJ next notes that Plaintiff's asthma and bipolar disorder are controlled by medication (JS 14) but never discusses lack of sleep and fatigue and/or whether multiple medications are their cause. The ALJ's assertions that there are no significant adverse side effects (JS 14) is not supported by any substantial evidence, and directly contrary to Plaintiff's testimony and Aylward's statement.

The ALJ then notes that Plaintiff's daily activities do not suggest disability. (JS 15.) The ALJ, however, did not mention the lack of sleep and fatigue or the cause of it, as set forth in Plaintiff's testimony and Aylward's statement.

Last, the Commissioner asserts that the ALJ's credibility finding is supported by the findings of a lack of candor reported by Dr. Smith and Dr. Goldman. (JS 15.) These physicians, however, never addressed Plaintiff's sleep/fatigue problem or considered its impact on her ability to work or whether it was caused by multiple medications.

The ALJ must set forth findings "sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit Claimant's testimony." Thomas, 278 F.2d at 958. The ALJ must identify what testimony is not credible and what evidence discredits the testimony. Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1284. Here, the ALJ offers only a generalized credibility assessment that does not mention Plaintiff's sleep/fatigue problem or identify any evidence discrediting Plaintiff's testimony about her lack of sleep and fatigue and their impact on her functioning, or that the cause of these conditions was her multiple medications.

**C.     Summary**

The ALJ decision fails to address or consider the impact of Plaintiff's medications on her sleep and how that affects her ability to work. The ALJ's failure to consider the effect of multiple medications on Plaintiff's ability to work also violates the rule that the ALJ must consider a claimant's illnesses in combination and "not be fragmentized in evaluating the effects." Beecher v. Heckler, 756 F.2d 693, 694-95 (9th Cir. 1985). The ALJ must consider the combined effect of all of a claimant's impairments on his or her ability to function "without regard to whether each alone was sufficiently severe." Smolen, 80 F.3d at 1290. These errors undermine every determination made by the ALJ, i.e., the discounting of Plaintiff's testimony, Aylward's testimony, and the medical evidence, the determination that Plaintiff's impairments do not meet or equal a listing, the RFC assessment, the vocational testimony and the determination that Plaintiff could perform her past relevant work.

///
///
///
///

**ORDER**

IT IS HEREBY ORDERED that the Decision of the Commissioner of Social Security is reversed and remanded for further proceedings.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: March 17, 2010                    /s/ John E. McDermott
                                                                JOHN E. MCDERMOTT
                                                                 UNITED STATES MAGISTRATE JUDGE